# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANS S. CROTEAU, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br><br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO, BENNETT GOODMAN, MICHAEL W. VAUGHN, ROBERT A. VELASQUEZ, THE SAN DIEGO POLICE DEPARTMENT, MITCHELL WALLACE, AND WILLIAM LANDSDOWNE<br><br>                    Defendants. | CASE NO. 07-CV-588 – IEG (AJB)<br><br>**ORDER: 1) GRANTING DEFENDANTS CITY OF SAN DIEGO AND SDPD'S MOTION TO DISMISS** [Doc. No. 31]**; 2) DENYING DEFENDANT STATE OF CALIFORNIA'S MOTION TO DISMISS AS MOOT** [Doc. No. 33]**; 3) DENYING DEFENDANTS GOODMAN, VAUGHN, & VELASQUEZ'S MOTION TO DISMISS AS MOOT** [Doc. No. 32]**; 4) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND FILE PROPOSED SECOND AMENDED COMPLAINT** [Doc. No. 35] **and 5) GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT** |

Presently before the Court are motions to dismiss the first amended complaint for failure to state a claim filed by the City of San Diego ("the City") and the San Diego Police Department ("SDPD") (Doc. No. 31), the State of California (Doc. No. 33), and Bennett Goodman, Michael Vaughn, and Robert Velasquez (Doc. No. 32). Also before the Court is plaintiff's motion for leave to amend and file a proposed second amended complaint (Doc. No. 35), which defendants the City and SDPD have opposed. For the following reasons, the Court dismisses the first amended complaint,

denies plaintiff's motion for leave to amend and file proposed second amended complaint, and grants plaintiff leave to file an amended complaint.

## BACKGROUND

**Factual Background**

Plaintiff Hans Croteau brings this action under Title 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff's contact with two of the individual defendants, Vaughn and Velasquez, began in late 2002, when plaintiff sought a price quote from Vaughn for the replacement of a broken circuit board. (First Amended Complaint ("FAC") ¶¶ 13-16.) Plaintiff explained he needed the price quote to submit to UPS because the piece had broken in transit. While Vaughn allegedly offered to provide the quote free of charge, plaintiff claims Vaughn began harassing plaintiff in efforts to obtain payment for a $2,000.00 bill. (Id. ¶¶ 17, 21, 23 & 36.)

Plaintiff alleges he contacted SDPD at least five times to complain about Vaughn's harassing telephone calls. (Id. ¶¶ 21-25, 39 & 42.) On one occasion, an officer advised plaintiff to obtain a telephone trap or a temporary restraining order. (Id. ¶ 23.) Although the telephone trap revealed multiple series of hang-up calls from a number registered to Vaughn's company, the police did not pursue criminal charges. (Id. ¶¶ 26-29.)

Plaintiff alleges the SDPD customarily ignores criminal harassment complaints when made against businesses or employees, gives preferential treatment to such employees when accused of criminal conduct, and customarily defers to the statements of attorneys made regarding conduct related to civil judicial proceedings. (Id. ¶¶ 22, 36-37.) Plaintiff alleges the SDPD ignored his criminal allegations against Vaughn and Velasquez because of these policies, which plaintiff argues violate his civil rights.

When the harassment allegedly continued, plaintiff filed a civil complaint in the Superior Court for the County of San Diego against Vaughn, Velasquez, and their business.[1] (Id. ¶ 29.) In that case,

---

[1] Because the company is not a party to this action, subsequent discussion of the state court suit refers only to Vaughn and Velasquez.

1  Vaughn and Velasquez (through their attorney, Bennett Goodman[2]) moved for an order declaring
2  plaintiff a "vexatious litigant" pursuant to California Code of Civil Procedure Section 391 et. seq.
3  (Proposed Second Amended Complaint ("SAC") ¶ 39.) Plaintiff opposed the motion, arguing his
4  claim had merit. He later deposed defendants, obtaining information he believed supported his claim.
5  (Id. ¶¶ 40-41.) He then filed a motion asking Judge Sturgeon to consider the deposition transcripts
6  as part of his opposition to defendant's Section 391 motion. (Id. ¶ 41.) Judge Sturgeon denied
7  plaintiff's motion, and granted defendants' motion, declaring plaintiff a vexatious litigant. (Id. ¶¶ 41-
8  43.) Plaintiff alleges Judge Sturgeon later placed plaintiff's name on the Judicial Council's Vexatious
9  Litigant List, pursuant to Section 391.7(a). (Id. ¶ 44.) Plaintiff also alleges he was not notified or
10 given opportunity to respond to his placement on the list. (Id. ¶¶ 44-45.) Plaintiff's case against
11 Vaughn and Velasquez was subsequently dismissed because plaintiff failed to post the $25,000 bond
12 required by Judge Sturgeon's order under Section 391. (Id. ¶ 47.)

13  Plaintiff alleges he again contacted the SDPD, which continued to ignore his complaint
14 because it was closely related to a civil judicial proceeding. (FAC ¶ 43.) Plaintiff re-filed his claim
15 against Vaughn and Velasquez in Small Claims Court. (Id. ¶ 45.) Because of plaintiff's designation
16 as a vexatious litigant, plaintiff's small claims action was also dismissed.[3] (Id. ¶ 46.) Plaintiff alleges
17 he then contacted numerous entities, including the ACLU, the California Attorney General, and
18 SDPD's Internal Affairs Department, but was unable to obtain relief from the continuing harassment.
19 (FAC ¶¶ 47-48.)

20  Plaintiff claims that on or around April 6, 2006, he was involved in a dangerous vehicle pursuit
21 with an unknown individual and he received a threatening phone call. (Id. ¶ 51.) Plaintiff again
22 contacted the SDPD, who allegedly informed plaintiff the matter was civil in nature and did not
23 further investigate the matter. (Id.)

24 **Procedural Background**

25  On April 2, 2007, plaintiff, proceeding pro se, filed a four-count complaint against the SDPD,

---

27  [2]While Goodman is also named in the first amended complaint, plaintiff has since voluntarily dismissed Goodman. (Doc. No. 42.)

28  [3]Plaintiff petitioned the presiding judge for leave to file, but his motion was denied because he did not produce evidentiary support for his claim. (FAC ¶ 45.)

1    the State of California, Goodman, Vaughn, and Velasquez. (Doc. No. 1.) By order of July 25, 2007,
2    this Court granted the City and SDPD's motion to dismiss count one of the complaint for failure to
3    state a claim. (Doc. No. 26.) On August 24, 2007, plaintiff filed a first amended complaint, (Doc. No.
4    29) alleging four violations in his First Amended Complaint: (1) a violation of the Due Process Clause
5    by the State, the City, the SDPD, and the Police Chief; (2) a violation of the First Amendment right
6    to access to the courts by the State, Goodman, Vaughn, and Velasquez; (3) a violation of the
7    unenumerated rights of the Ninth Amendment by the State; and (4) a violation of the procedural Due
8    Process Clause by the State. On September 13, 2007, the City and SDPD moved to dismiss count one
9    of the first amended complaint. (Doc. No. 31.) Also on September 13, 2007, defendants Goodman,
10   Vaughn and Velasquez moved to dismiss count two. (Doc. No. 32.) The State of California moved
11   to dismiss counts one, three, and four of the complaint on September 17, 2007. (Doc. No. 33.) Thus
12   there are presently before the Court motions to dismiss all counts and all parties named in the first
13   amended complaint.

14   Plaintiff voluntarily dismissed the State of California (Doc. No. 41) and Goodman (Doc. No.
15   42) on October 29, 2007. Also on that date, plaintiff also filed an opposition to all three motions to
16   dismiss. (Doc. No. 39.)

17   Plaintiff filed a motion for leave to amend the first amended complaint, attaching a proposed
18   second amended complaint, on October 5, 2007. (Doc. No. 35.) Plaintiff's proposed second amended
19   complaint would name five additional defendants: four individual police officers and Judge Sturgeon.
20   (SAC ¶¶ 3, 7-10.) Plaintiff's proposed second amended complaint alleges six counts: (1) enforcement
21   of unconstitutional governmental customs by the police officers; (2) deliberately indifferent training
22   of officers by the City, SDPD, and the police supervisors; (3) deliberately indifferent supervision by
23   the police supervisors; (4) deliberately indifferent failure to adopt policies necessary to prevent
24   constitutional violations by the City, SDPD, and police supervisors; (5) a violation of the Due Process
25   Clause by Judge Sturgeon; and (6) a violation of 47 U.S.C. § 223 by defendants Vaughn and
26   Velasquez. On October 22, 2007, the City filed an opposition to plaintiff's motion for leave to amend.
27   (Doc. No. 36.) On October 29, 2007, plaintiff filed his reply. (Doc. No. 38.) The Court finds the
28   matters fully briefed and amenable for disposition without oral argument pursuant to Local Rule

71.1(b).

## DISCUSSION

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. Proc. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). To survive a Rule 12(b)(6) motion, a complaint generally must satisfy only the minimal notice pleading requirements of Fed. R. Civ. Pro. 8(a)(2); Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). A court may dismiss a complaint for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro, 250 F.3d at 732 (citing Conley); see also Haddock v. Bd. of Dental Examiners, 777 F.2d 462, 464 (9th Cir.1985) (stating a court should not dismiss a complaint if it states a claim under any legal theory, even if plaintiff erroneously relies on a different theory). In other words, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

In deciding a motion to dismiss for failure to state a claim, the court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir.1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, (1983). Furthermore, a court is not required to credit conclusory legal allegations cast in the form of factual allegations, "unwarranted deductions of fact, or unreasonable inferences." Sprewell v.

1  Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); W. Mining Council v. Watt, 643 F.2d
2  618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981).

3        A court may dismiss a complaint without granting leave to amend only if it appears with
4  certainty that the plaintiff cannot state a claim and any amendment would be futile. See Fed. R.
5  Civ. P. 15(a) (stating that leave to amend "shall be freely given when justice so requires"); DeSoto
6  v. Yellow Freight Systems, Inc., 957 F.2d 655, 658 (9th Cir. 1992); Schreiber Distrib. Co. v. Serv-
7  Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) (stating "leave to amend should be
8  granted unless the court determines that the allegation of other facts consistent with the challenged
9  pleading could not possibly cure the deficiency").

10        The Court recognizes the mandate to construe a pro se plaintiff's pleadings liberally in
11  determining whether a claim has been stated. Ortez v. Washington County, 88 F.3d 804, 807 (9th
12  Cir. 1996).

13  **Analysis**

14  I.      Plaintiff's claims against the City and SDPD

15        The City and SDPD argue plaintiff's first amended complaint and proposed second
16  amended complaint continue to fail to state a claim under Section 1983. As this Court noted in its
17  previous order, to proceed under Section 1983 for a violation of the Equal Protection Clause of the
18  Fourteenth Amendment, a plaintiff must show that there was unequal treatment of persons
19  similarly situated, or that the defendants acted with an intent to discriminate against the plaintiff
20  based on membership in a protected class. Washington v. Davis, 426 U.S. 229, 239-40 (1976);
21  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

22        Defendants argue, and the Court agrees, plaintiff's allegations do not support an Equal
23  Protection claim. The only allegations in the complaint regarding any classification of individuals
24  is plaintiff's assertion that Vaughn, Velasquez, and Goodman are affiliated with a business. This
25  is an allegation regarding the other defendants in this litigation, not the plaintiff, and non-
26  affiliation with a business is not a protected classification under constitutional jurisprudence. See
27  Dahl v. Sec'y of the Navy, 830 F. Supp. 1319, 1323 (E.D. Cal. 1993) (noting that suspect
28  classifications are those based on race, religion, or alienage). The only statements in the complaint

1  that could be construed to allege plaintiff's potential membership in a class are passing references
2  that plaintiff is not wealthy.  However, indigence is not a suspect classification or a quasi-suspect
3  classification for purposes of equal protection.  See Maher v. Roe, 432 U.S. 464, 470-471 (1977);
4  San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 27-28 (1973).  Furthermore, there are no
5  allegations in the first amended complaint or the proposed second amended complaint that plaintiff
6  was treated differently or discriminated against because of his membership in a protected class.
7  Similarly, plaintiff does not allege any facts from which the Court can infer that the defendants
8  treated him differently than other similarly situated individuals or irrationally singled him out.
9  The heart of plaintiff's allegations against the City and SDPD is that the SDPD did not adequately
10 investigate his allegations against Vaughn and Velasquez, which is insufficient to support
11 plaintiff's equal protection claim even under liberal pleading standards.

12     In his opposition to the motion to dismiss, plaintiff does not argue he is a member of a
13 protected class.  Instead, plaintiff argues his claims are for violation of the Due Process Clause of
14 the Fourteenth Amendment.

15     Under the Due Process Clause of the Fourteenth Amendment, a state cannot "deprive any
16 person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  Plaintiff
17 asserts the SDPD deprived him of due process by failing to pursue his charges against Vaughn and
18 Velasquez.  Defendants argue, and the Court agrees, plaintiff must have a property interest in the
19 prosecution of these charges in order to state a due process claim.

20     Under the Due Process Clause, the SDPD may not deprive plaintiff of a property interest in
21 the enforcement of the law.  "To have a property interest in a benefit, a person . . must . . . have a
22 legitimate claim of entitlement to it.  The Supreme Court has recognized that property interests
23 arise only when the relevant state law provisions 'truly make the conferral of the benefit
24 mandatory.'"  Or. Entertainment Corp. v. City of Beaverton, 233 F. App'x. 618, 619 (9th Cir.
25 2007) (citing Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 760 (2005); internal
26 quotation marks and citations omitted).  "[N]othing in the language of the Due Process Clause
27 itself requires the State to protect the life, liberty, and property of its citizens against invasion by
28 private actors."  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189,

1  195 (1989) (emphasis added). In this case, plaintiff does not cite any law which makes prosecution
2  of charges of telephonic harassment mandatory. "When a State has not explicitly created a
3  'personal entitlement' to some benefit, there is no property interest and thus no procedural due
4  process violation." Majors v. City of Oakland, No. 05-00061, 2005 WL 2216955 at *4 (N.D. Cal.
5  July 25, 2005) (citing Castle Rock, 545 U.S. at 748). Accordingly, plaintiff fails to state a claim
6  against the City or SDPD.

7  II.     Plaintiff's claims against the State of California

8  Plaintiff has voluntarily dismissed defendant State of California (Doc. No. 41.) Thus, the
9  State's motion to dismiss is moot.

10 III.    Plaintiff's claims against Goodman, Vaughn, and Velasquez

11 Plaintiff has voluntarily dismissed defendant Goodman from the first amended complaint,
12 and no claims are made against Goodman in the proposed second amended complaint. (Doc. No.
13 42.) Plaintiff's proposed second amended complaint omits all claims previously made against
14 Vaughn and Velasquez.[4] Thus Goodman, Vaughn, and Velasquez's motion to dismiss is also
15 moot.

16 **Plaintiff's Motion for Leave to Amend**

17 Legal Standard

18 Plaintiff has filed a motion for leave to amend and file a proposed second amended
19 complaint. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).
20 If the proposed second amended complaint also fails to state a claim, leave to amend may be
21 denied as futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC, v. Aspeon,
22 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing Foman, 371 U.S. at 182). Because plaintiff
23 proceeds in forma pauperis (Doc. No. 3), this Court must "dismiss the case at any time if the court
24 determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."
25 28 U.S.C. § 1915. Accordingly, the Court screens the new counts in plaintiff's proposed second

---

[4] The claims in the first amended complaint against Vaughn and Velasquez were made under Section 1983 and were improper because Vaughn and Velasquez are not state actors. Plaintiff does allege a new claim against Vaughn and Velasquez in his proposed second amended complaint, which is considered with plaintiff's other new claim.

amended complaint for a colorable claim.

Analysis

I.   Plaintiff's claim against Judge Sturgeon

Count five of plaintiff's proposed second amended complaint alleges Judge Sturgeon violated the Due Process Clause in plaintiff's state court suit. Judicial immunity generally bars suits challenging actions taken by a judge in his or her judicial capacity. Mireles v. Waco, 502 U.S. 9 (1991). "[T]he immunity is overcome in only two circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11 (citations omitted). The relevant inquiry is "the particular act's relation to a general function normally performed by a judge." Id. at 13.

In the instant case, Judge Sturgeon was acting in his judicial capacity when he heard defendants Vaughn and Velazquez's motion to declare plaintiff a vexatious litigant.[5] (SAC ¶ 40.) Similarly, Judge Sturgeon's decisions to deny plaintiff's motion and grant defendant's motion were judicial acts. (Id. ¶¶ 41, 42-43.) Accordingly, Judge Sturgeon has absolute immunity for those decisions and plaintiff cannot state a claim challenging them. See Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004) (characterizing these actions under the Vexatious Litigant Statute as judicial).

Plaintiff also alleges Judge Sturgeon placed plaintiff on the Judicial Council's Vexatious Litigant List (JCVLL) pursuant to California Code of Civil Procedure Section 391.7(e). (Id. ¶ 44.) On a motion to dismiss, the court must generally accept plaintiff's factual allegations as true. "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (emphasis added, citations omitted). Moreover,

---

[5]Under Section 391.1, a state court defendant may move the court for an order requiring plaintiff to furnish security on the grounds that plaintiff is a vexatious litigant, defined in Section 391(b), and that plaintiff does not have a "reasonable probability" of prevailing in the litigation. Cal. Code Civil. P. § 391.1. The court must hold a hearing (§391.2), may enter an order requiring plaintiff to furnish security (§391.3), and may dismiss the action if plaintiff does not do so (§391.4). Id. §§ 391.2-391.4.

1  28 U.S.C. § 1915(e)(2)(B)(i) directs this court to dismiss an action where plaintiff proceeds in
2  forma pauperis if the claim "is frivolous or malicious."

3  The Court takes judicial notice of the statutory text giving the Judicial Council the task of
4  maintaining the list of vexatious litigants.[6] Cal. Code Civil P. § 391.7(e) ("The clerk of the court
5  shall provide the Judicial Council a copy of any prefiling orders issued pursuant to subdivision (a).
6  The Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders
7  and shall annually disseminate a list of those persons to the clerks of the courts of this state.")
8  (emphasis added). Plaintiff provides no basis for his allegation that it was Judge Sturgeon who
9  placed him on the list. Given that the statute charges the Judicial Council with adding vexatious
10 litigants to the list, the Court need not accept as true plaintiff's baseless allegation. See Sprewell,
11 266 F.3d at 988; 28 U.S.C. § 1915.

12 II.     Plaintiff's new claim against Vaughn and Velasquez

13 The sixth count of plaintiff's proposed second amended complaint alleges a violation by
14 Vaughn and Velasquez of the Communications Decency Act, 47 U.S.C. § 223. This is a criminal
15 statute with no private right of action. 47 U.S.C. § 223(a) ("Whoever . . . makes a telephone call . .
16 . without disclosing his identity and with intent to annoy, abuse, threaten, or harass any person at
17 the called number . . . shall be fined under Title 18 or imprisoned not more than two years, or
18 both."). In attempted civil cases under this statute, courts have refused to imply a private right of
19 action. Viola v. A & E Television Networks, 433 F. Supp. 2d 613, 618 (W.D. Pa. 2006) ("[T]he
20 authority to enforce the CDA lies with the proper government authorities and not with a private
21 citizen such as plaintiff."); Jensen v. Shrively, No. 02-03143, 2003 WL 917969 at *1 (N.D. Cal.
22 Feb. 25, 2003) (holding Section 223 does not provide a private right of action); Ghartey v.
23 Chrysler Credit Corp., No. CV-92-1782, 1992 WL 373479 at *5 (E.D.N.Y., Nov. 23, 1992) ("The
24 Federal Communications Act does not expressly provide for a private right of action to recover
25 damages for violations of section 223, and no such remedy can be implied under the act.").
26 Plaintiff cannot state a claim under 47 U.S.C. § 223.

27

28     [6]Judicial notice is appropriate of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The text of the statute is beyond dispute.

A court may dismiss a complaint without granting leave to amend only if it appears with certainty that the plaintiff cannot state a claim and any amendment would be futile. See Fed. R. Civ. P. 15(a) (stating leave to amend "shall be freely given when justice so requires"); DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("[L]eave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). Accordingly, plaintiff is granted leave to file a second amended complaint (not his proposed second amended complaint) which is consistent with this order.

## CONCLUSION

For the foregoing reasons, the City and SDPD's motion to dismiss the first amended complaint is **GRANTED**. The State's motion to dismiss the first amended complaint is **DENIED** as moot. Defendants Vaughn, Velasquez, and Goodman's motion to dismiss the first amended complaint is **DENIED** as moot. Plaintiff's motion for leave to amend and file the proposed second amended complaint is **DENIED**. Plaintiff is granted leave to amend and file an amended complaint. **The amended complaint must be consistent with this order and filed within 30 days from the date of this order.**

**IT IS SO ORDERED.**

**DATED: November 21, 2007**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**